**UNITED STATES v. NUNAN.**
**Cr. No. 43134.**

United States District Court
E. D. New York.
June 1, 1954.

Richard J. Burke, New York City, for defendant, for the motion.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., in opposition.

RAYFIEL, District Judge.

Some fifteen months ago an indictment was returned against the defendant, charging him with perjury. Shortly thereafter he moved for an order (1) directing the United States Attorney to furnish him with a bill of particulars and (2) permitting him or his attorney to inspect the transcript of his testimony before the Grand Jury. Argument was heard on the motion and on April 21, 1953, Judge Byers made an order granting defendant's motion to the extent that the United States Attorney was directed (1) to permit the inspection of the defendant's testimony before the Grand Jury *at least fifty days prior to the date set for the trial of the indictment* (emphasis added) and (2) to furnish the defendant with a bill of particulars to the effect that at the trial of the indictment the Government will present proof of certain facts specifically referred to in the said order.

The United States Attorney having failed to comply with Judge Byer's order, the defendant moved for an order directing him so to do.

In addition to the aforementioned perjury indictment the said Grand Jury returned an indictment against the defendant charging him with the evasion of certain income taxes, founded on testimony which included that which formed the basis of the perjury indictment. A motion was made in the case involving alleged income tax evasion for leave to inspect the minutes of the Grand Jury and on March 25, 1953, an order was made by Chief Judge Inch denying the said motion in all respects.

Thus there are presently in force two orders which, in one respect, may be in conflict with each other. The granting of the instant application would, in effect, constitute, in part, a contradiction of the order of Chief Judge Inch.

On the argument of the instant motion the United States Attorney stated that the trial of the indictment charging tax evasion is scheduled to commence on June 8, 1954, and would probably consume all of the June term of the Court. He further stated that the trial of the perjury indictment, if held at all, could

not be reached until the late fall of 1954.

Since the argument of the motion the United States Attorney has written to this Court (a copy of the letter was sent to counsel for the defendant) to the effect that he had communicated with Mr. George W. Percy, Jr., a former Assistant United States Attorney, who argued the motion before Judge Byers, and that Mr. Percy had stated that it was his clear understanding that there would be no inspection of the transcript of the defendant's testimony before the Grand Jury until after the conclusion of the trial of the indictment charging tax evasion.

Accordingly, the defendant's motion is denied.

Settle order on notice.